ACCEPTED
12-14-00248-cr
TWELFTH COURT OF APPEALS
TYLER, TEXAS
4/10/2015 4:52:58 PM
CATHY LUSK
CLERK

ORAL ARGUMENT NOT REQUESTED

NO. 12-14-00248-CR

IN THE COURT OF APPEALS
12TH JUDICIAL DISTRICT
TYLER, TEXAS

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
4/10/2015 4:52:58 PM
CATHY S. LUSK
Clerk

---

ROBERTA WINNIE BAGWELL,
APPELLANT

VS.

THE STATE OF TEXAS,
APPELLEE

---

ON APPEAL IN CAUSE NUMBER 114-1742-10
FROM THE 114TH JUDICIAL DISTRICT COURT
OF SMITH COUNTY, TEXAS
HONORABLE CHRISTI KENNEDY, JUDGE PRESIDING

APPELLANT'S BRIEF

JAMES W. HUGGLER, JR.
100 E. FERGUSON, SUITE 805
TYLER, TEXAS 75702
903-593-2400
STATE BAR NUMBER 00795437
ATTORNEY FOR APPELLANT

## IDENTITY OF PARTIES AND COUNSEL

APPELLANT:
    Jolly Dee Neely

APPELLANT'S TRIAL COUNSEL:
    Brent Ratekin
    422 South Spring Avenue
    Tyler, Texas 75702
    903-595-1516

APPELLANT'S APPELLATE COUNSEL
    James Huggler
    100 E. Ferguson, Suite 805
    Tyler, Texas 75702
    903-593-2400
    903-593-3830 (fax)

APPELLEE
    The State of Texas

APPELLEE'S TRIAL COUNSEL
    Jacob Putman
    Christopher Gatewood
    Smith County Criminal District Attorney's Office
    100 N. Broadway, 4th Floor
    Tyler, Texas 75702
    903-590-1720    903-590-1719 (fax)

APPELLEE'S APPELLATE COUNSEL
    Michael West
    Smith County Criminal District Attorney's Office
    100 N. Broadway, 4th Floor
    Tyler, Texas 75702
    903-590-1720    903-590-1719 (fax)

## TABLE OF CONTENTS

PAGE

IDENTITY OF PARTIES AND COUNSEL. . . . . . . . . . . . . . . . . . . . . . . .  ii

TABLE OF CONTENTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ISSUES PRESENTED. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

STATEMENT OF FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

SUMMARY OF ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

PROFESSIONAL EVALUATION OF THE RECORD. . . . . . . . . . . . . . 6

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

PRAYER. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

CERTIFICATE OF COMPLIANCE. . . . . . . . . . . . . . . . . . . . . . . . . 13

# TABLE OF AUTHORITIES

CONST.

TEX. CONST. art. V, § 12. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8


STATUTES

TEX. CODE CRIM. PROC. ANN. art. 4.05 (West 2014). . . . . . . . . . . . . . . . . 8

TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(a) (West 2014). . . . . . . . . . 3

TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (West 2014). . . . . . . . . . 9

TEX. PENAL CODE ANN. § 31.03(a), (e)(4)(A) (West 2014). . . . . . . . . . 1, 2

TEX. PENAL CODE ANN. § 12.35 (West 2014).. . . . . . . . . . . . . . . . . . . . . 10


CASES

Anders v. California, 386 U.S. 738, 87 S. Ct. 1396,

18 L. Ed. 2d 493 (1967). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Bray v. State, 179 S.W.3d 725 (Tex. App.– Fort Worth 2005, no pet.). 10

Duron v. State, 956 S.W.2d 547 (Tex. Crim. App. 1997). . . . . . . . . . . . . 8

Jordan v. State, 54 S.W.3d 783 (Tex. Crim. App. 2001). . . . . . . . . . . . 8

Mallett v. State, 65 S.W.3d 59 (Tex. Crim. App. 2001). . . . . . . . . . . . . 8

Manuel v. State, 994 S.W.2d 658 (Tex. Crim. App. 1999). . . . . . . . . . . . 7

Mays v. State, 904 S.W.2d 920 (Tex. App. – Fort Worth 1995, no pet.). 6

Moses v. State, 590 S.W.2d 469 (Tex. Crim. App. 1979). . . . . . . . . . . . . 9

Nix v. State, 65 S.W.3d 664 (Tex. Crim. App. 2001). . . . . . . . . . . . . . . 7

Rickels v. State, 202 S.W.3d 759 (Tex. Crim. App. 2006). . . . . . . . . . . . 9

Stafford v. State, 813 S.W.2d 503 (Tex. Crim. App. 1991).. . . . . . . . . . 11

Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052,

80 L. Ed. 2d 674 (1984). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

<u>Thompson v. State</u>, 9 S.W.3d 808 (Tex. Crim. App. 1999).. . . . . . . . . . 11

<u>RULES</u>

Tex. R. App. P. 9.4.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

TEX. R. APP. P. 38.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 6

NO. 12-14-00248-CR

| | | |
|---|---|---|
| ROBERTA WINNIE BAGWELL, | § | IN THE COURT OF APPEALS |
| APPELLANT | § | |
| | § | |
| VS. | § | 12TH JUDICIAL DISTRICT |
| | § | |
| THE STATE OF TEXAS, | § | |
| APPELLEE | § | TYLER, TEXAS |


## APPELLANT'S BRIEF


TO THE HONORABLE COURT OF APPEALS AND THE JUSTICES THEREOF:


Comes now Roberta Winnie Bagwell ("Appellant"), by and through her attorney of record, James Huggler, and pursuant to the provisions of TEX. R. APP. PROC. 38, et seq., respectfully submits this brief on appeal.


## STATEMENT OF THE CASE


Appellant was indicted in Cause No. 114-01742-10 for the state jail felony offense of theft. TEX. PENAL CODE ANN. §31.03(a), (e)(4)(A) (West

1

2008).  CR 1[1].   Appellant elected to plead guilty to the charge.  CR 43.

Based upon Appellant's judicial confession, the trial court deferred a

finding of guilt and placed Appellant on probation for a term of five years.

III RR 23-24[2].  The State subsequently filed an application to proceed to

final adjudication.  CR 83-86.  Following the entry of pleas of true to five

of the eight paragraphs, the court found Appellant guilty, then sentenced

her to two years confinement.  CR 91; RR  33-35.  Timely notice of appeal

was filed on August 15, 2014.  CR 99.


## ISSUES PRESENTED

None


## STATEMENT OF THE FACTS

Appellant was indicted in Cause No. 114-01742-10 for the state jail

felony offense of theft.  TEX. PENAL CODE ANN. §31.03(a), (e)(4)(A) (West

---

[1] References to the Clerk's Record are made using "CR" and an arabic numeral following specifying the correct page.

[2] References to the Reporter's Record are made using "RR" with a roman numeral preceding designating the volume and an arabic numeral following designating the correct page.

2

2008). CR 1. Pursuant to a plea bargain agreement, Appellant entered a plea of guilty to the charge in the indictment on December 2, 2013. III RR 19; CR 43. Appellant waived her right to a jury trial, her right to confront and cross-examine witnesses, the notification that if Appellant was not a citizen, a plea of guilty may result in deportation, the effect of the plea on his rights, the consequences of the plea and the range of punishment for a second degree felony. CR 52-54. A stipulation of evidence was also admitted at this hearing that detailed the Appellant's conduct. CR 56-59. Appellant was then placed on deferred adjudication probation for a term of five years, with a variety of conditions under the authority of the Texas Code of Criminal Procedure Art. 42.12 §5(a) (West 2014). CR 43-48. A Waiver of Motion for New Trial and Motion in Arrest of Judgment and Waiver of Right to Appeal was also filed on December 2, 2013. CR 60. The trial court entered a certification of defendant's right to appeal on December 2, 2013, which stated that Appellant waived her right to an appeal. CR 50.

During the course of Appellant's deferred adjudication probation, the conditions of her probation were modified and status reports were

3

conducted. CR 63-67. However, on August 6, 2014, the State filed an Application to Proceed to Final Adjudication in this case, alleging six separate violations. CR 83. On August 8, 2014, the State filed its First Amended Application to Proceed to Final Adjudication, which added one additional violation. CR 76-79.

A revocation hearing was held on October 12, 2014. V RR 1. The appellant entered pleas of true to Paragraphs 1,2,3,4 and 8 of the state's application. CR 97; V RR 4-5, 11-15. Appellant was admonished by the court regarding her rights, including the right to call witnesses, confront the state's witnesses. V RR 8. Appellant was questioned regarding her ability to read, write and understand English, her consumption of alcohol or any drugs, her mental health history, and whether she had adequate time to consult with his attorney. V RR 4-6. She was advised that if Appellant was not a citizen, a plea of guilty may result in deportation. V RR 8. She also was admonished regarding the proper range of punishment. V RR 11. A Written Plea Admonishments and Stipulation, signed by Appellant, was introduced as State's Exhibit 1. V RR 16; CR 97.

The State then presented two witnesses at the hearing to prove the

allegations in Paragraphs 5 (possession of cocaine), 6 (consumption of cocaine) and 7 (failure to submit to a urinalysis). Appellant's probation officer testified that on August 4, 2014, Appellant submitted to a urinalysis, and the presumptive test showed that she tested positive for cocaine use, in violation of the conditions of her probation[3]. V RR 19. The director of the lab that tested Appellant's sample confirmed that the sample contained cocaine. V RR 28. Following the conclusion of the evidence, the court found paragraphs 1, 2, 3, 4, 5, 6, and 8 to be true. V RR 32. The court revoked Appellant's probation, proceeded to a final adjudication of guilt, and found Appellant guilty of the offense of theft. Timely notice of appeal was filed on August 15, 2014. CR 99. This brief is timely filed.

## SUMMARY OF ARGUMENT

Counsel has reviewed the record and has concluded that, in his professional opinion, the record contains no reversible error or

---

[3] The State had alleged in Paragraph 7 that Appellant failed to submit to the urinalysis, in violation of her probation. However, the probation officer confirmed that Appellant submitted to the test, and that the allegation in Paragraph 7 was a mistake. V RR 19.

jurisdictional defects.  <u>Anders v. California</u>, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400, 18 L. Ed. 2d 493 (1967).   Thus, counsel must move for leave to withdraw from the case.

ARGUMENT

There is no argument to present to this Court; however, Counsel has included this section to strictly comply with Texas Rule of Appellate Procedure 38.  Counsel has reviewed the record and has concluded that, in his professional opinion, the record contains no reversible error or jurisdictional defects.  <u>Anders v. California</u>, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400, 18 L. Ed. 2d 493 (1967).  Therefore, counsel is including the following explanatory section.

PROFESSIONAL EVALUATION OF THE RECORD

When counsel contends that there are no arguable grounds for reversal on appeal, counsel is required to present a professional evaluation of the record supporting this assertion.  See <u>Mays v. State</u>, 904 S.W.2d 920, 922-23 (Tex. App. – Fort Worth 1995, no pet.)

In the present case, Appellant entered a plea of guilty to the charged offense, was placed on deferred adjudication and waived her right to an appeal. The State subsequently filed a motion to revoke, and Appellant entered pleas of true to allegations that she violated the terms and conditions of her community supervision. The court adjudicated her guilt, assessed her sentence, and certified her right to appeal.

Appellant is precluded from appealing issues arising from the original plea proceedings since she waived her right to appeal those issues, and since the applicable time period for appeal has passed. Generally, a defendant who is placed on deferred adjudication probation may raise issues relating to the original plea proceeding only in an appeal taken when deferred adjudication probation is first imposed. Manuel v. State, 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999). Such issues may not be raised in an appeal from an order revoking probation and adjudicating guilt. Id.

An exception to the general rule in Manuel exists when the judgment is "void." [4] See Nix v. State, 65 S.W.3d 664, 667 (Tex. Crim. App.

---

[4] Another exception mention in *Nix* is the "habeas corpus" exception, which involves the litigation of a writ of habeas corpus at the probation revocation proceedings. *Id.* at 669. To invoke the habeas corpus exception on appeal, the defendant must show: (a) that the claim is cognizable on a writ of habeas corpus and (b) that the defendant attempted to litigate the claim at

2001); <u>Jordan v. State</u>, 54 S.W.3d 783, 785 (Tex. Crim. App. 2001). A judgment of conviction for a crime is void when (1) the document purporting to be a charging instrument does not satisfy the constitutional requisites of a charging instrument, (2) the trial court lacks subject matter jurisdiction over the offense charged, (3) the record reflects that there is no evidence to support the conviction, or (4) an indigent defendant is required to face criminal trial proceedings without appointed counsel. Nix, at 668. However, none of these exceptional circumstances exist in the present case. The indictment conferred jurisdiction on the trial court and provided Appellant with sufficient notice of the charged offense. See TEX. CONST. art. V, § 12; <u>Duron v. State</u>, 956 S.W.2d 547, 550-51 (Tex. Crim. App. 1997). The trial court has jurisdiction over the case. See TEX. CODE CRIM. PROC. ANN. Art. 4.05 (West 2014) (stating that district courts shall have original jurisdiction in felony criminal cases). The conviction was supported by Appellant's signed confession, and the written plea admonishments indicate that Appellant's plea was made freely and voluntarily[5]. CR 52-59. The record also indicates that she was

the revocation proceeding. Neither of these criteria are supported by the record.

[5] When the record indicates that a defendant was properly admonished after pleading guilty, it is sufficient evidence to establish a prima facie case that the plea was both knowing and voluntary.

8

represented at trial by appointed counsel. Therefore, review for potential error is limited to the revocation hearing.

Counsel has examined the revocation hearing, and has found no reversible error. An adjudication of guilt on the original charge of an appellant under deferred adjudication is reviewed in the same way as a revocation of community supervision. TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (West 2014). In a probation revocation proceeding, the State has the burden of proving a violation of the terms of probation by a preponderance of the evidence. See Rickels v. State, 202 S.W.3d 759, 763-764 (Tex. Crim. App. 2006). A plea of true to any one alleged violation is sufficient to support revocation of community supervision. Moses v. State, 590 S.W.2d 469, 470 (Tex. Crim. App. 1979).

Appellant in the present case pled "true" to five of the paragraphs set forth in the State's motion to revoke. The record reflects that these pleas of true were made freely and voluntarily, as supported by the written plea admonishments and the court's findings. CR 97; RR V11. During the revocation hearing, the trial court confirmed that Appellant had reviewed the written plea admonishments with her attorney and that

_Mallett v. State_, 65 S.W.3d 59, 64 (Tex. Crim. App. 2001).

Appellant was making the plea of her own free will. V RR 4;11 . Appellant's attorney confirmed that he was satisfied that Appellant was competent. V RR 9-10. Therefore, the record supports the trial court's finding that the Appellant had violated the terms of her probation based upon her pleas of true; thus, the trial court did not abuse its discretion by revoking Appellant's community supervision.

Finally, counsel has found no error occurring is the assessment of punishment. At the punishment hearing, the trial court sentenced Appellant to two years' confinement. CR 93; V RR 32-33 . The sentence assessed by the trial court is within the punishment range provided for by law. See TEX. PENAL CODE ANN. § 12.35 (West 2005)(state jail felony). Moreover, the judgment does not contain any improper assessment of fees. See Bray v. State, 179 S.W.3d 725 (Tex. App.--Fort Worth 2005, no pet.). Thus, the undersigned has found no reversible error during the punishment phase.

Finally, the undersigned has reviewed the record and found no arguable ground for ineffective assistance of counsel. Counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. Strickland

v. Washington, 466 U.S. 668, 690, 104 S. Ct. 2052, 2066, 80 L. Ed. 2d 674 (1984). In the present case, trial counsel lodged pertinent objections at the hearing, and argued for a lesser sentence. Considering the totality of the representation of Appellant's trial counsel, the record contains nothing that would indicate that counsel's performance was deficient. See id. at 687, 104 S. Ct. at 2064; Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).

## CONCLUSION

Since counsel is unable to raise any arguable issues for appeal, he is required to move for leave to withdraw. See Stafford v. State, 813 S.W.2d 503 (Tex. Crim. App. 1991).

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Counsel respectfully prays that this Court permit him to withdraw after this Court's own examination of the record in this cause and to afford Appellant her right to file any pro se brief that she may wish to file.

Respectfully submitted,

/s/ James Huggler
James W. Huggler, Jr.
State Bar Number 00795437
100 E. Ferguson, Suite 805
Tyler, Texas 75702
903-593-2400
903-593-3830 fax

ATTORNEY FOR APPELLANT

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing Brief of the Appellant has been forwarded to counsel for the State by electronic filing on this the 10th day of April, 2015.

Attorney for the State:
Mr. Mike West
Smith County Criminal District Attorney's Office
100 N. Broadway, 4th Floor
Tyler, Texas 75702

## CERTIFICATE OF COMPLIANCE

I certify that this Brief complies with Tex. R. App. P. 9.4, specifically using 14 point Century font and contains 2,608 words as counted by Corel WordPerfect version x6.

 /s/ James Huggler
James W. Huggler, Jr.